UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Maurice Carter,<br><br>                                    Petitioner,<br><br>v.<br><br>Cynthia Y. Tampkins,<br><br>                                    Respondent. | Case No.:  16-cv-02129-WQH-BGS<br><br>**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY PETITION FOR WRIT OF HABEAS CORPUS** |

## I.    INTRODUCTION

Petitioner Maurice Carter ("Petitioner") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1 ["Petition"]).  Petitioner is serving a negotiated sentence of six years, eight months following his guilty pleas in San Diego County Superior Court to one count of felon in possession of a firearm and two counts of grand theft, as well as his admission that he had sustained a prior strike conviction in 1999.  In the Petition, Petitioner raises a single challenge.  (Pet. at 6.[1])  He argues that his counsel was ineffective in failing to challenge the validity of a prior 1999 conviction and in failing to negotiate that his prior conviction could not be used against him.  (*Id.*)

---

[1] The Court cites the CM/ECF pagination when referencing the Petition and attached exhibits (ECF No. 1).  Page citations as lodgments reference the lodgment's pagination unless otherwise noted.

This case is before the undersigned Magistrate Judge pursuant to Southern District of California Civil Local Rule 72.1(d) for a report and recommendation. The Court submits this Report and Recommendation to United States District Judge William Q. Hayes pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for the Southern District of California.

The Court has reviewed the Petition, Respondent's Answer, the lodgments, and all supporting documents submitted by both parties. For the reasons discussed below, the Court **RECOMMENDS** the Petition be **DENIED**.

## II. BACKGROUND

### A. Petitioner's Charges and Plea

On May 8, 2014, the San Diego County District Attorney filed a complaint in case number CN331975 charging Petitioner with four counts of possession of a firearm by a felon, four counts of possession of ammunition by a felon, two counts of commercial burglary and one count of grand theft. (Lodgment 1.) The complaint also alleged that Petitioner's 1999 conviction for unlawful sexual intercourse with a minor with a great bodily injury enhancement qualified as a strike under California's Three Strikes Law. (Lodgment 1 at 5.)

On July 15, 2014, the San Diego County District Attorney filed a complaint in case number CS2377328 charging Petitioner with one count of burglary and one count of grand theft. The district attorney alleged on-bail enhancements as to both counts and alleged the same strike prior based on Petitioner's 1999 conviction that was alleged in the first complaint. (Lodgment 2 at 2.) Thus, in total, Petitioner was charged with thirteen counts between the two complaints.

On October 15, 2014, pursuant to a global plea agreement, Petitioner pled guilty in case number CN331975 to one count of possession of a firearm by a felon and one count of grand theft and admitted the 1999 strike prior in exchange for a stipulated sentence of six years, eight months. (Lodgment 3 at 9; Lodgment 4.) In case number CS2377328, he pled guilty to one count of grand theft and admitted the same strike prior. (Lodgment 3 at

10; Lodgment 5.)  Petitioner faced a maximum sentence in the two cases of eight years, eight months.  (Lodgment 3 at 7.)

On December 3, 2014, the trial court imposed the stipulated sentence for the two cases of six years, eight months as follows: four years for possession of a firearm by a felon (double the two-year midterm pursuant to California's Three Strikes law) and two consecutive terms of sixteen months for the grand thefts (one third the two-year midterm doubled).  (Lodgments 6-8, Lodgment 9 at 5.)  Petitioner did not appeal.  (Pet. at 2-3.)

### B. Petition for Writ of Habeas Corpus in San Diego County Superior Court

On June 16, 2015, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court, claiming that (1) his trial counsel was ineffective in failing to inform him that he had a constitutional right to a hearing or a bifurcated trial on the prior strike 1999 conviction allegation, and (2) his prior strike 1999 conviction was improperly used to enlarge his sentence in violation of due process and equal protection.[2]  (Lodgment 10.)

On August 4, 2015, the San Diego County Superior Court denied the petition on the merits, finding that Petitioner "cannot establish it is reasonably probable he would have obtained a more favorable result" if he had gone to trial.  (Lodgment 11.)  Further, the court found Petitioner's claim that his 1999 conviction was improperly used as a strike prior lacked merit.  In 1999, Petitioner pled guilty to Penal Code § 261.5(d) and admitted to a Penal Code § 12022.7(a) great bodily injury allegation, based on sex with a minor that resulted in pregnancy.  The Court noted that per California Supreme Court authority, a pregnancy without medical complications that results from unlawful but nonforcible intercourse can support a finding of great bodily injury.  (Lodgment 11 at 2 [citing *People v. Cross*, 45 Cal. 4th 58, 63 (2008).])  Thus, his claim failed.

### C. Petition for Writ of Habeas Corpus in California Court of Appeal

_____

[2] Petitioner does not assert this claim in the instant habeas petition.

On May 31, 2016, Petitioner filed a habeas petition in the California Court of Appeal, claiming that defense counsel was ineffective in failing to challenge the validity of his prior strike conviction allegation, properly consult with him regarding the prior conviction, and negotiate a more favorable sentence. (Lodgment 12.) His requested relief was to "have lower court grant sentence modification." (*Id.* at 7.[3]) The Court of Appeal denied the petition the same day, noting that the "petition, filed more than 19 months after [Petitioner] was sentenced without any explanation for the delay, is barred as untimely." (Lodgment 13 at 1 [citing *In re Reno*, 55 Cal. 4th 428, 459 (2012), *In re Swain*, 34 Cal. 2d 300, 302 (1949)].) The court also held that, to the extent Petitioner was challenging the validity of his guilty plea, his petition was barred because he failed to obtain a certificate of probable cause under California Penal Code section 1237.5. (Lodgment 13 at 1 [citing *In re Chavez*, 30 Cal. 4th 643, 651 (2003)].) Finally, the court found that even if Petitioner's petition were not procedurally barred, it would still be denied as he had not satisfied his pleading burden because he did not support his claim with documentation or declarations regarding the plea negotiations or prior strike conviction. (Lodgment 13 at 2 [citing *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), *In re Reno*, 55 Cal. 4th at 499-500].)

**D. Petition for Writ of Habeas Corpus in California Supreme Court**

On June 15, 2016, Petitioner filed a habeas petition in the California Supreme Court, raising the same ineffective assistance of counsel claim that he raised in the California Court of Appeal. (Lodgment 14.) On July 27, 2016, the California Supreme Court summarily denied the petition in a decision that reads in full: "The petition for writ of habeas corpus is denied. (*See People v. Duvall*, (1995) 9 Cal. 4th 464, 474; *In re Swain*, (1949) 34 Cal. 2d 300, 304.)." (Lodgment 15.)

**E. Instant Petition for Writ of Habeas Corpus**

On August 22, 2016, Petitioner filed the instant Petition claiming that his counsel

---

[3] Because of the poor quality of the lodged copy of Petitioner's state appellate court petition, this page number refers to the CM/ECF generated number.

was ineffective for failing to challenge the validity of his prior conviction from 1999 and failing to negotiate that the prior conviction not be used against him.[4]  (Pet. at 6.)  The totality of his argument regarding his ineffective assistance of counsel claim is:

> Trial counsel failed to challenge the validity of a prior conviction from 1999. Trial counsel also failed to negotiate the prior conviction from 1999 should not be used against petitioner.  Petitioner is actually prejudice.

(*Id.*)  Respondent filed an answer on October 31, 2016, arguing that (1) Petitioner's claim is barred by his guilty plea; (2) the Petition is conclusory; and (3) relitigation of Petitioner's claim is barred because the California Supreme Court properly rejected it on the merits, or in the alternative, Petitioner is not entitled to relief even if the Court were to review his claim *de novo*.  (ECF No. 7-1.)  Plaintiff did not file a traverse.

## III.  STANDARD OF REVIEW

This Petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  *See Lindh v. Murphy*, 521 U.S. 320 (1997).  A federal court may not grant a petition for writ of habeas corpus made by a person in state custody with respect to any claim that was adjudicated on the merits in state court unless it: (1) resulted in a decision that was contrary to, or involved an  unreasonable application of clearly established federal law, 28 U.S.C. § 2245(d)(1); or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceeding, *id.* § 2254(d)(2).  *See Harrington v. Richter*, 562 U.S. 86, 100 (2011).

A federal habeas court may grant relief under the "contrary to" clause if the state court applied a rule different from the governing law set forth in Supreme Court cases, or if it decided a case differently than the Supreme Court on a set of materially indistinguishable facts.  *See Bell v. Cone*, 535 U.S. 685, 694 (2002); *Moses v. Payne*, 555

---

[4] Under California law, the decision whether to grant a motion to vacate a strike rests within the discretion of the trial court as provided for in *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996) (a "*Romero* motion").

F.3d 742, 751 (9th Cir. 2008). A state court need not cite Supreme Court precedent when resolving a habeas corpus claim. *See Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent,]" the state court decision will not be "contrary to" clearly established federal law. *Id.* Clearly established federal law, for purposes of § 2254(d), means "the governing principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 72 (2003). A court may grant relief under the "unreasonable application" clause if the state court correctly identified the governing legal principle from Supreme Court decisions but unreasonably applied those decisions to the facts of a particular case. *Williams v. Taylor*, 529 U.S. 362, 407 (2000); *Bell*, 535 U.S. at 694. To satisfy the "unreasonable application" prong of § 2254(d)(1), the state court decision must be "objectively unreasonable, not merely wrong." *Woods v. Donald*, ___ U.S. ___, 135 S. Ct. 1372, 1376 (2015) (per curiam); *Lockyer*, 538 U.S. at 75. "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington*, 562 U.S. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision and presumes it provides the basis for the higher court's denial of a claim or claims. *See Ylst v. Nunnemaker*, 501 U.S. 797, 805-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," federal habeas courts must conduct an independent review of the record to determine whether the state court's decision is contrary to, or an unreasonable application of, clearly established Supreme Court law. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000) (overruled on other grounds by *Lockyer*, 538 U.S. at 75-76); *accord Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

AEDPA requires federal habeas courts to accord deference to a state court's adjudication of federal issues. *Lounsbury v. Thompson*, 374 F.3d 785, 787 (9th Cir. 2004). When a state court has not reached the merits of a properly raised issue, however, the

question is reviewed *de novo*. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002); *Reynoso v. Giurbino*, 462 F.3d 1099, 1109 (9th Cir. 2006) (citing *Rompilla v. Beard*, 545 U.S. 374, 377 (2005) ("When it is clear, however, that the state court has not decided an issue, we review that question *de novo*.").

## IV.    DISCUSSION

Petitioner argues that his counsel was ineffective in failing to challenge the validity of his prior conviction from 1999 and failing to negotiate that the prior conviction not be used against him. (Pet. at 6.) Respondent counters that (1) Petitioner's claim is barred by his guilty plea; (2) the Petition is conclusory; and (3) relitigation of Petitioner's claim is barred because the California Supreme Court properly rejected it on the merits, or in the alternative, Petitioner is not entitled to relief even if the Court were to review his claim *de novo*. (ECF No. 7-1.) The Court will address each argument in turn.

### A. Preclusive Effect of Petitioner's Plea

First, Respondent argues that Petitioner's guilty plea bars consideration of his ineffective assistance of counsel claim per *Tollett v. Henderson*, 411 U.S. 258 (1973) because it rests upon an alleged constitutional violation that preceded his guilty plea. (ECF No. 7-1 at 9-10.)

### 1.    Applicable Standard

"As a general rule, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently seek federal habeas relief on the basis of pre-plea constitutional violations." *Mitchell v. Superior Court*, 632 F.2d 767, 769 (9th Cir. 1980). In *Tollett v. Henderson*, 411 U.S. 258 (1973), the United States Supreme Court explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.

411 U.S. at 267. Following *Tollett*, the Supreme Court has recognized that certain challenges can be made regarding pre-plea constitutional errors when the defect is a "jurisdictional" one that implicates the government's general power to prosecute the defendant. *United States v. Johnston*, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999) (citing *United States v. Broce*, 488 U.S. 563, 574-76 (1989) ("The Court has subsequently limited the scope of those exceptions to include only those claims in which, judged on the face of the indictment and record, the charge in question is one which the state may not constitutionally prosecute."); *see also Menna v. New York*, 423 U.S. 61, 62-63 (1975) (per curiam) (bar on collateral challenges to pre-plea errors did not preclude defendant from asserting double jeopardy to indictment under which he pleaded guilty); *Blackledge v. Perry*, 417 U.S. 21, 30-31 (1974) (guilty plea did not foreclose claim of vindictive prosecution).

Critically for Petitioner's ineffective assistance of counsel claim, "claims of pre-plea ineffective assistance of counsel are cognizable on federal habeas review when the action, or inaction, of counsel prevents petitioner from making an informed choice whether to plead." *Mahrt v. Beard*, 849 F.3d 1164, 1170 (9th Cir. 2017) (citing *Tollett*, 411 U.S. at 267-69).[5] Thus, as recently stated by the Ninth Circuit, "[t]he *Tollett* exception is not as narrow as the State contends." *Mahrt*, 849 F.3d at 1170-71 (holding that Petitioner's ineffective assistance of counsel claim premised upon counsel's failure to file a motion to suppress was not barred by *Tollett*).

### 2. Analysis

#### i. Petitioner's Claim as Pled in His Federal Petition is Barred under *Tollett*

---

[5] The Court acknowledges that at the time of Respondent's briefing, the Ninth Circuit had not yet issued its ruling in *Mahrt v. Beard*, 849 F.3d 1164 (9th Cir. 2017). However, the scope of this exception is touched upon in *Tollett* itself. *See Tollett*, 411 U.S. at 266-67 ("Counsel's failure to evaluate properly facts giving rise to a constitutional claim, or his failure properly to inform himself of facts that would have shown the existence of a constitutional claim, might in particular fact situations meet this standard of proof.")

Here, the totality of Petitioner's argument regarding his ineffective assistance of counsel claim is:

> Trial counsel failed to challenge the validity of a prior conviction from 1999. Trial counsel also failed to negotiate the prior conviction from 1999 should not be used against petitioner. Petitioner is actually prejudice.

(Pet. at 6.) The Petition does not include a memorandum of points and authorities in support of Petitioner's single claim or any additional pages in which he expands upon his claim. And while Petitioner did include a copy of the petition he submitted to the California Supreme Court, he fails to incorporate the arguments contained in that petition by reference into his current federal Petition. *See Ross v. Williams*, 896 F.3d 958, 967 (9th Cir. 2018) (quoting *Dye v. Hofbauer*, 546 U.S. 1, 4 (2005) (per curiam)) ("When a petitioner incorporates by making 'clear and repeated references to an appended supporting brief,' and the brief presents the petitioner's claims 'with more than sufficient particularity,' it does not impose a significant additional burden on the courts to identify the petitioner's claims or assess their merit."); (*see generally* Pet. at 1-12 [containing no memorandum of points and authorities in support of Petitioner's claim and not incorporating by reference prior arguments made before the California Supreme Court]; *compare* Lodgment 14 [habeas petition filed in the California Supreme Court], *with* Pet. at 14-47 [copy of all documents submitted to the California Supreme Court].) Further, the Court is under no obligation to "wade through two thousand pages of irrational, prolix, and redundant pleadings, to the detriment of judges and petitioners alike" to ascertain Petitioner's arguments in support of his claim. *Ross*, 896 F.3d at 967 (internal quotations omitted); *see* Habeas Corpus Rule 2(c); *Ross*, 896 F.3d at 967 (Habeas Corpus Rule 2(c) requires petitioner specificity to "alleviate the court's burden of deciphering lengthy poorly organized petitions").

Accordingly, looking to what is actually pled in the federal Petition, Petitioner does not assert that his counsel's conduct had any bearing on the voluntary or intelligent nature of his plea. According to Petitioner, his counsel's purported errors all stem from actions

he failed to take to reduce *the amount of time* Petitioner served pursuant to the plea agreement itself, not that they "prevent[ed] petitioner from making an informed choice whether *to* plead." *Mahrt*, 849 F.3d at 1170 (emphasis added).

Because Petitioner's allegations do not implicate the intelligent or voluntary nature of his plea, his ineffective assistance of counsel claim is foreclosed by *Tollett*. *See Moran v. Godinez*, 57 F.3d 690, 700 (9th Cir. 1994) (petitioner's claim that his attorneys were ineffective for failing to prevent use of his confession at trial precluded by plea), *overruled on other grounds by Lockyer*, 538 U.S. at 75-76; *Sapp v. Marshall*, No. CV 08-3997-CAS FFM, 2010 WL 5598525, at *3-4 (C.D. Cal. Nov. 15, 2010) (finding petitioner's ineffective assistance of counsel claim based on counsel's purported "failure to research and argue that petitioner's prior conviction was not supported by sufficient evidence" was barred by his guilty plea per *Tollett*), *report and recommendation adopted*, 2011 WL 165186 (C.D. Cal. Jan. 13, 2011); *Creighton v. Perez*, No. 15-CV-00943-JD, 2016 WL 3136901, at *3 (N.D. Cal. June 6, 2016). Further, no "jurisdictional" exception to the *Tollett* rule applies, as none of petitioner's challenges concern the power of the State to prosecute him. Thus, the Court **RECOMMENDS** that Petitioner's guilty plea precludes federal habeas relief on his ineffective assistance of counsel claim. *See Tollett*, 411 U.S. at 267; *Sapp*, 2010 WL 5598525, at *3-4.

Further, if Petitioner were in fact attempting to claim that his plea was involuntarily or unintelligently made based on his federal Petition, such a claim is belied by the record. At his change of plea hearing, he twice admitted his prior strike conviction in open court after being advised of and waiving his trial rights[6]:

> **The Court**: All right. Each of you have the following constitutional rights. And for you Mr. Carter they apply to both cases and they also apply to your strike prior.
>     You have the following constitutional rights: a right to a speedy and public jury trial; a right to confront and cross-examine the witnesses against

---

[6] Petitioner pled guilty at the same time as another defendant. References to the other defendant are removed for clarity.

you; a right to confront and cross-examine the witnesses against you; a right to remain silent unless you choose to testify; and a right to present evidence on your own behalf and have witnesses subpoenaed at no cost to you.

Do you understand you have those rights Mr. Carter?

**Defendant Carter**: Yes.

…

**The Court**: You realize when you plead guilty you give those right up? Do you understand that, Mr. Carter?

**Defendant Carter**: Yes.

…

**The Court**: And is that what you want to do, Mr. Carter, as to both your cases and your strike prior?

**Defendant Carter**: Yes.

…

**The Court**: And the maximum for you, Mr. Carter, would be on – the total of eight years, eight months in state prison.  That would be the total maximum if you didn't have a plea agreement. Do you understand that?

**Defendant Carter**: Yes.

…

**The Court**: All right. Directing your attention, Mr. Carter, then to case ending 975, the one from North County.  As to Count 1, violation of Penal Code section 29800(A)(1), which is possession of a firearm by a former felon. How do you plead? Guilty or not guilty?

**Defendant Carter**: Guilty.

**The Court**: As to Count 11, a violation of Penal Code section 487(a), grand theft. How do you plead to that? Guilty or not guilty?

**Defendant Carter**: Guilty.

**The Court**: As to your strike prior from Case SCD143717 from 10-25 of '99 for a PC 261.5(d) with a 12022.7 allegation as alleged under Penal Code section 667(B) through (I), 1170.12 and 668, do you admit that strike prior?

**Defendant Carter**: Yes.

**The Court**: Are you pleading guilty and making those admissions because you unlawfully possessed a firearm and – after previously convicted of a felony. You also unlawfully took property – stole property from another with a value great than $950. You also had a strike prior. Is that all true?

**Defendant Carter**: Yes.

…

**The Court**: And as to your other case from South Bay case ending in 328, directing your attention to Count 2, a violation of Penal Code section 487(A), grand theft, how do you plead to that? Guilty or not guilty?

**Defendant Carter**: Guilty

**The Court**: As to that same strike prior from SCD143717 from 10-29 of – 10-25 of '99 as alleged under Penal Code Section 667(B) through (I), 1170.12 and 668, do you admit that same strike prior as to this case?

**Defendant Carter**: Yes.

**The Court**: And are you pleading guilty and making that admission because on the date in question you unlawfully took property from Playa Bonita Target with a value greater than $950 with the intent to steal and you have a strike prior? Is that all true?

**Defendant Carter**: Yes.

(Lodgment 3 at 6-7, 9-10.) Further, Petitioner signed two sets of guilty plea forms regarding his cases (Lodgments 4, 5), in which he wrote out the details of his global plea agreement with the District Attorney. In addition to requiring him to plead guilty to three of the thirteen charged counts, he was required to expressly admit his strike prior with

respect to both cases in exchange for a stipulated six year, eight month sentence and dismissal of the remaining charges. (Lodgment 4 at 1; Lodgment 5 at 1.) On the forms for both cases, he signed his initials indicating that he was: (1) entering his guilty pleas "freely and voluntarily"; (2) admitting his strike prior; (3) giving up his right to appeal issues related to his strike priors and any stipulated sentence; and (4) giving up his right to trial and present evidence on his behalf regarding both the charges and prior convictions filed against him. (Lodgment 4 at 1; Lodgment 5 at 1.) Additionally, Petitioner's counsel signed that he "explained to the defendant the entire contents of this plea form" and that he "discussed all charges and possible defenses with the defendant, and the consequences of this plea . . . ." (Lodgment 4 at 3; Lodgment 5 at 3.)

Thus, nothing in the record supports a suggestion that Petitioner's guilty plea, which was made pursuant to a global plea bargain that required him to admit his 1999 conviction as a strike prior in exchange for a stipulated sentence regarding three out of the thirteen charges filed against him, was anything less than knowingly and voluntarily made.

### ii. Looking to Arguments in State Habeas Petition

Looking beyond the federal Petition to the petition filed with the California Supreme Court, which was submitted by Petitioner with his federal Petition, Petitioner states that his trial counsel failed to properly consult with him regarding his prior conviction and should have sought to dismiss the 1999 conviction "in the interest of justice" because there was insufficient evidence to prove that prior conviction. (Pet. at 17.) Petitioner argues that, given the lack of evidence to support the 1999 conviction, his counsel erred in not arguing that, even if the conviction was not dismissed, it should not be considered in the guilty plea or sentencing. (*Id.*) He appears to be referring to his attorney's failure to file a meritorious motion pursuant to *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996), which provides the framework for a California trial court's exercise of discretion to "strike" a prior conviction under the Three Strikes Law. Petitioner claims in a declaration attached to his petition to the California Supreme Court that his attorney failed to make any such motion and argue that his prior 1999 conviction is "outside the 3-Strikes spirit." (Pet. at

16-cv-02129-WQH-BGS

42.)

Taking into account the arguments made by Petitioner in his petition to the California Supreme Court, and in light of relevant authority, it appears the only plausible ineffective assistance of counsel claim Petitioner *could* make in order to overcome the *Tollett* bar, is that (a) his attorney failed to inform him of his ability to challenge the use of his 1999 conviction as a strike prior for sentencing purposes via a *Romero* motion, and (b) if Petitioner had known that, he would have rejected the global plea deal and insisted on going to trial on all of his pending charges so as to be able to attempt to have his 1999 conviction stricken for sentencing purposes. In this scenario, counsel's inaction, could have "prevent[ed Petitioner] from making an informed choice whether to plead." *See Mahrt*, 849 F.3d at 1170. This necessarily would implicate the "intelligent character" of his plea, as if he had known about his ability to challenge his 1999 conviction for use as a strike prior, he would not have accepted the condition in his plea agreement that he admit to the 1999 strike prior. Instead he would have rejected the global plea deal and gone to trial on all thirteen charged counts. *See Tollett*, 411 U.S. at 267.

For purposes of this Report and Recommendation, the Court assumes arguendo that this liberally construed version of Petitioner's ineffective assistance of counsel claim is not barred by *Tollett* and addresses it below.

### B. Petitioner's Federal Habeas Petition Is Conclusory

Next, Respondent contends that Petitioner makes merely conclusory allegations in his Petition, not the persuasive grounds for relief required by 28 U.S.C. § 2242. (ECF No. 7-1 at 5-6.) A habeas petition that simply alleges constitutional violations without explaining their grounds is subject to summary dismissal. *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (citing *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983)). To establish a claim of ineffective assistance of counsel, a petitioner show that "counsel's performance was deficient" and that he was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984).

Specifically, Petitioner was required to allege, among other assertions, that there is

"a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-60 (1985). This is *Strickland*'s resultant prejudice requirement. *Id.*; *Strickland*, 466 U.S. at 687. In his Petition, Petitioner merely alleges that "Petitioner is actually prejudice[d] [sic.]." (Pet. at 6.) He does not allege that but for counsel's purported errors, he would have pled in the alternative and gone to trial.

Furthermore, in his petition submitted to the California Supreme Court, Petitioner states that his "sentence would have been less severe had counsel filed a meritorious motion to challenge the 1999 prior conviction prior to coercion of the plea agreement" and he requests that the California superior court "modify the sentence." (Pet. at 16-17.) Thus, it appears Plaintiff is only requesting a reduction of his sentence, not the ability to alter his guilty plea and go to trial. Accordingly, Plaintiff has not pled, let alone established, the prejudice requirement under *Strickland* necessary to assert an ineffective assistance of counsel claim following a guilty plea.[7]

Therefore, as Respondent contends, Petitioner's claim of ineffective assistance of counsel is conclusory, vague and unsupported by factual assertions. As discussed above, the entirety of his claim is three sentences. (*See* Pet. at 6.) On this basis alone, his claim should be denied. *See James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief"); *Jones v. Gomez*, 66 F.3d 199, 204 (9th Cir. 1995) (same); *see* Habeas Corpus Rule 2(c) (specifying the content of a habeas petition requiring the petition to "specify all grounds for relief available to the petitioner", "state the facts supporting each ground", and "state the relief requested," among other requirements). Accordingly, the Court **FINDS** that Petitioner's claim contains merely conclusory allegations and he has failed to sufficiently plead to satisfy *Strickland*'s prejudice requirement in the context of a guilty plea. The Court **RECOMMENDS** that the Petition be denied on this basis.

---

[7] Petitioner's failure to satisfy *Strickland*'s prejudice requirement is discussed in full below.

### C. Petitioner's Claim Fails on Its Merits under *De Novo* Review

Finally, Respondent argues that relitigation of Petitioner's claim is barred because the California Supreme Court properly rejected it on the merits. (ECF No. 7-1 at 11-15.) In the alternative, Respondent argues that Petitioner would not be entitled to relief even if his claim is subject to *de novo* review. (*Id.* at 15.)

As discussed above, the California Supreme Court's denial of Petitioner's habeas petition included citations to *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), cases which set forth the pleading requirements for habeas petitioners in California. *See Curiel v. Miller*, 830 F.3d 864, 869 (9th Cir. 2016) (en banc) ("the cases cited by the California Supreme Court here—*In re Swain* and *People v. Duvall*—both concern the pleading requirements that apply to a state habeas petitioner's claims"). The Ninth Circuit has held a denial order with citations to these two cases in conjunction is "in effect, the grant of a demurrer, i.e., a holding [that petitioner ha[s] not pled facts with sufficient particularity." *Id.* (quoting *Gaston v. Palmer*, 417 F.3d 1030, 1039 (9th Cir. 2005), *modified on other grounds*, 447 F.3d 1165 (9th Cir. 2006)); *see Seeboth v. Allenby*, 789 F.3d 1099, 1104 n.3 (9th Cir. 2015) (a "citation to *Duvall* and *Swain* together constitutes dismissal without prejudice, with leave to amend to plead required facts with particularity"), *cert. denied sub nom. Seeboth v. Ahlin*, 136 S. Ct. 1168 (2016).

As is the case here, in *Curiel* the California Supreme Court also issued a summary denial with citations to *In re Swain* and *People v. Duvall*. The Ninth Circuit held these citations demonstrated that the California Supreme Court found the petitioner's petition to be deficiently pleaded. But because the California Supreme Court did not cite a case dealing with untimeliness in its order, it overruled prior untimeliness rulings of the Superior Court and the Court of Appeal. In so holding, the Ninth Circuit stated "We have no cause to treat a state court's summary order with citations as anything but a 'reasoned' decision, provided that the state court's references reveal the basis for its decision." *Curiel*, 830 F.3d at 870.

Respondent argues that "*Curiel* is inconsistent with the California Supreme Court's determination of state habeas law" and that the "California Supreme Court reasonably applied *Strickland* in denying [Petitioner's] claim on the merits." (ECF No. 7-1 at 12-13.) However, this Court is bound by Ninth Circuit precedent unless a case is heard en banc and the earlier decision is overruled. The Ninth Circuit's decision in *Curiel* is an en banc decision. It unequivocally states that the California Supreme Court's issuance of a summary denial with citations to *In re Swain* and *People v. Duvall* is "in effect the grant of a demurrer . . . ." and is to be considered a "reasoned decision." *Curiel*, 830 F.3d at 869-70; *see Barker v. Fleming*, 423 F.3d 1085, 1091 (9th Cir. 2005) (noting that the AEDPA inquiry applies "to a single state court decision, not some amalgamation of multiple state court decisions").

Accordingly, because here the California Supreme Court denied relief on a procedural ground via its citations to *In re Swain* and *People v. Duvall* and did not address the merits of Petitioner's claim, we are required to review Petitioner's constitutional claim *de novo* rather than under the AEDPA's deferential standard. *See Cone v. Bell*, 556 U.S. 449, 472 (2009); *Seeboth*, 789 F.3d at 1103 (noting that if the California Supreme Court dismissed on a procedural ground, the court would review petitioner's claims *de novo*, in light of the state's failure to raise procedural default); *Reynoso*, 462 F.3d at 1109; *Pirtle*, 313 F.3d at 1167 (holding *de novo* review applies "when it is clear that a state court has not reached the merits of a properly raised issue").[8]

The Court conducts a *de novo* review of Petitioner's ineffective assistance of counsel claim below.

---

[8] Respondent does not allege that Petitioner's claim is procedurally barred. Further, "[c]ourts can . . . deny writs of habeas corpus under § 2254 by engaging in *de novo* review when it is unclear whether AEDPA deference applies, because a habeas petitioner will not be entitled to a writ of habeas corpus if his or her claim is rejected on *de novo* review, see § 2254(a)." *Berghuis v. Thompkins*, 560 U.S. 370, 390 (2010). Accordingly, because Petitioner's claim fails on its merits even on *de novo* review as discussed below, even if there were a question about whether AEDPA deference applies as Respondent asserts, *de novo* review is permissible here.

16-cv-02129-WQH-BGS

### 1. Applicable Law

"Even under *de novo* review, the standard for judging counsel's representation is a most deferential one." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). The Sixth Amendment right to effective assistance of counsel "applies to all critical stages of criminal proceedings," including "the entry of a guilty plea", *Missouri v. Frye*, 566 U.S. 134, 140 (2012), and "during plea negotiations", *Lafler v. Cooper*, 566 U.S. 156, 162 (2012). "In the context of a guilty plea, the ineffectiveness inquiry probes whether the alleged ineffective assistance impinged on the defendant's ability to enter an intelligent, knowing and voluntary plea of guilty." *Lambert v. Blodgett*, 393 F.3d 943, 979-80 (9th Cir. 2004).

A guilty plea must be intelligent, voluntary, and "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242 (1969). "The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative choices of action open to the defendant." *Parke v. Raley*, 506 U.S. 20, 29 (1992). "[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." *United States v. Broce*, 488 U.S. 563, 569 (1989). If the plea is counseled and voluntary, "then the conviction and plea, as a general rule, foreclose collateral attack." *Id.*

"Where . . . a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). "[A] defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing" ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Hill*, 474 U.S. at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258 (1973) and extending *Strickland*'s standard to "claims arising out of the plea process."); *see also Mahrt*, 849 F.3d at 1170.

First, to establish ineffective assistance of counsel, a petitioner must show his attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). Under *Strickland*, a defendant must "show that counsel's performance was deficient." 466 U.S. at 687. This "first prong sets a high bar." *Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 775 (2017). Counsel's constitutional obligation under *Strickland* is satisfied "so long as his decisions fall within the 'wide range' of professionally competent assistance." *Id.* (quoting *Strickland*, 466 U.S. at 690); *see also Harrington*, 562 U.S. at 104 (reviewing court must indulge "'a strong presumption' that counsel's representation was within the 'wide range' of reasonable professional assistance."). "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington*, 562 U.S. at 105 (quoting *Strickland*, 466 U.S. at 690.) "It is only when the lawyer's errors were 'so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment' that *Strickland*'s first prong is satisfied." *Buck*, 137 S. Ct. at 775 (quoting *Strickland*, 466 U.S. at 687). *Strickland* requires that "[j]udicial scrutiny of counsel's performance . . . be highly deferential." 466 U.S. at 689.

Second, assuming a defendant can establish deficient performance under this highly deferential standard, a petitioner must satisfy the "prejudice" requirement, which asks whether "counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. In the context of a guilty plea, a petitioner "must show that there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* The petitioner "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372 (2010).

Finally, the Court need not address both the deficiency prong and the prejudice prong if the defendant fails to make a sufficient showing of either one. *Strickland*, 466 U.S. at 697.

## 2. Analysis

Even if Petitioner's liberally construed claim were not barred by *Tollet* as discussed above, he is not entitled to habeas relief based on the merits of his ineffective assistance of counsel claim. Once again, the Court is proceeding under the assumption that Petitioner was attempting to claim (a) his attorney failed to inform him of his ability to challenge the use of his 1999 conviction as a strike prior for sentencing purposes via a *Romero* motion, and (b) if Petitioner had known that, he would have rejected the six year, eight month global plea deal and insisted on going to trial on all of his pending charges so as to be able to attempt to have his 1999 conviction stricken for sentencing purposes.

Petitioner's claim fails to satisfy the standard articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). He fails to show that: (1) his counsel's performance was so deficient that it fell below an objective standard of reasonableness; and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been more favorable to Petitioner. *See id.* at 686-87. Specifically, he has failed to show that but for counsel's purported error, he would have changed his plea and gone to trial. *See Hill*, 474 U.S. at 59. While the Court need not address both the deficiency prong and the prejudice prong if the petitioner fails to make a sufficient showing of either one, *Strickland*, 466 at 697, for the purpose of this Report and Recommendation it does so below.

### i. Petitioner Has Failed to Establish Counsel's Deficient Performance

Here, Petitioner has not shown that his counsel's decision to not challenge Petitioner's 1999 prior conviction via a *Romero* motion was not within the range of competence demanded of attorneys in criminal cases. *See Hill,* 474 U.S. at 56-57; *McMann*, 397 U.S. at 771. As acknowledged by the California superior court, Petitioner "failed to show that his retained attorney's advice to plead guilty rather than face a greater sentence after trial was not an informed choice among tactical alternatives." (Lodgment 11 at 2.)

As discussed by the California superior court, Petitioner's 1999 prior conviction was the result of his guilty plea to Penal Code § 261.5(d), "any person 21 years of age or older who engages in an act of unlawful sexual intercourse with a minor who is under 16 years of age", and Penal Code § 12022.7(a), a great bodily injury allegation based on sex with a minor which resulted in pregnancy. (*Id.*) According to his stipulated sentence report, Petitioner's victim was 15 years old at the time of intercourse and became pregnant. (Lodgment 16 at 4; Lodgment 17 at 5.) The victim had a "spontaneous abortion", and DNA tests subsequently indicated that Petitioner was the father. (Lodgment 16 at 4-5; Lodgment 17 at 5.) Petitioner admitted during police questioning to having sex with the victim and subsequently pled guilty. (*Id.*) Critically, as noted by the California superior court, under California law a pregnancy even without medical complications that results from unlawful but nonforcible intercourse can support a finding of great bodily injury. (Lodgment 11 at 2 [citing *People v. Cross*, 45 Cal. 4th 58, 63 (2008)].) Thus, to the extent Petitioner is attempting to argue that his 1999 conviction should not have qualified as a strike prior, such claims are without merit.

As alluded to in discussions above, it appears based on language Petitioner used in his petition to the California Supreme Court that his primary argument is that his retained counsel failed to bring a *Romero* motion to strike his prior 1999 conviction for use as a strike prior for sentencing purposes under California's Three Strikes regime. (*See* Pet. at 16 ["trial counsel failed to challenge petitioner's 1999 prior conviction under penal code § 1385 and *Williams* (1998)")]; *id.* at 17 ["trial court should have stricken/dismiss the 1999 prior conviction in the interest of justice"]; *id.* ["Petitioner's sentence would have been less severe had counsel filed a meritorious motion to challenge the 1999 prior conviction prior to the coercion of the plea agreement"]; *id.* at 26 ["counsel failed to argue/negotiate the prior felony should not have been used. And then it would have been up to the judge whether to strike the 1999 old prior conviction, based upon it was the petitioner's only prior conviction and the stable life style since the prior conviction."].) Critically, at no point in his petition does Petitioner establish or argue that his attorney did not *inform* him

of his ability to bring a *Romero* motion, only that his attorney failed to "consult with Petitioner on the old prior conviction." (Pet. at 17.)

An order granting a *Romero* motion "embodies [a] court's determination that in the interests of justice a defendant should not be required to undergo a statutorily increased penalty that would follow from a judicial determination of [the alleged] fact[s]." *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 508 (1996) (quoting *People v. Burke*, 47 Cal. 2d 45, 50 (1956) (en banc)), *as modified on denial of reh'g* (Aug. 21, 1996). To disregard a prior felony in this context, a judge "must determine that the defendant lies 'outside the spirit' of the [three-strikes] scheme such that he 'should be treated as though he had not previously been convicted of one or more' of the strikes." *Daire v. Lattimore*, 818 F.3d 454, 466 (9th Cir. 2016) (quoting *People v. Williams*, 17 Cal. 4th 148, 161 (1998)). As noted by the Ninth Circuit, because a defendant must overcome the "strong presumption that any sentence that conforms to these sentencing norms is both rational and proper", *People v. Carmony*, 33 Cal. 4th 367, 378 (2004), "denial of a *Romero* motion is generally the expectation, not the exception." *Daire*, 818 F.3d at 466; *see People v. McGlothin*, 67 Cal. App. 4th 468, 474 (1998) ("The striking of a prior serious felony conviction is not a routine matter. It is an extraordinary exercise of discretion, and is very much like setting aside a judgment of conviction after trial.").

A trial court's "discretion to strike prior felony conviction allegations in furtherance of justice is limited." *Romero*, 13 Cal. 4th at 530. A trial court cannot strike "a prior conviction solely to accommodate judicial convenience or because of court congestion, or simply because a defendant pleads guilty, or due to personal antipathy for the effect that the three strikes law would have on a defendant, while ignoring defendant's background, the nature of his present offenses, and other individualized considerations." *People v. Wallace*, 33 Cal. 4th 738, 747 (2004) (brackets, citation and internal quotation marks omitted). Instead, the court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background character, and prospects, the defendant may be

deemed outside the scheme's spirit . . . ." *Williams*, 17 Cal. 4th at 161.

Here, the only bases for a *Romero* motion provided by Petitioner is that the 1999 conviction was his only prior conviction and he has led a stable lifestyle since the prior conviction. (Pet. at 26.) He offers no other reasons beyond these general assertions, both of which are refuted by his stipulated sentence report. (*See* Lodgment 16.) Because of the aggravating factors identified in the stipulated sentence report regarding his 1999 prior conviction, that the 15 year old victim alleged Petitioner forcefully raped her, Petitioner admitted to having intercourse with the victim, the victim became pregnant, and that DNA tests showed Petitioner to be the father, it is unlikely that a *Romero* request would have been successful based solely on the argument that it was Petitioner's only conviction. (*See* Lodgment16 at 4-5 [setting forth details of Petitioner's rape of 15 year old].) Further, the stipulated sentence report details Petitioner's lengthy history of criminal charges following his 1999 conviction, including charges for battery, multiple charges of attempted theft, multiple charges of providing false identification to a peace officer, multiple charges of unlawful use of a driver's license, and multiple charges of driving with a suspended license. (*Id.* at 5-6.) This refutes Petitioner's assertion that he has been living a "stable lifestyle" since the 1999 conviction. Accordingly, it is unlikely that a *Romero* motion would have been granted under these circumstances.

Further, in order to bring such a motion, Petitioner would not have been able to accept the global six year, eight month plea bargain offered by the District Attorney, because as Petitioner himself admitted in his guilty plea forms for both cases, admitting to the strike prior *was a requirement of the plea deal*. (*See* Lodgment 4 at 1, Lodgment 5 at 1; *also* Lodgment 16 at 1.) Petitioner did not have the ability to file a *Romero* motion to strike the use of his 1999 strike prior for sentencing purposes *after* he accepted the plea bargain. Instead, he would have had to reject the global plea offer and have opted to go to trial on all thirteen of his charged counts facing a much longer potential sentence if convicted. Accordingly, given the strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable

professional judgment[,]" *Strickland*, 466 U.S. at 690, coupled with the well-known infrequency of *Romero* motions being granted, the Court cannot conclude that counsel's failure to bring a *Romero* motion amounts to deficient performance under these circumstances. *See Sanders v. Cullen*, 873 F.3d 778, 815 (9th Cir. 2017) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."); *Rupe v. Wood*, 93 F.3d 1434, 1444-45 (9th Cir. 1996) ("[T]he failure to take a futile action can never be deficient performance."); *Boag v. Raines*, 769 F.2d 1341, 1344 (9th Cir. 1985) ("Failure to raise a meritless argument does not constitute ineffective assistance.").

### ii.     Petitioner Has Failed to Establish Prejudice

Even setting aside the question of deficient performance, Petitioner's claim fails because he has not demonstrated prejudice as required by *Strickland*. *See Hill*, 474 U.S. at 59. Petitioner has not demonstrated that he was prejudiced by counsel's advice to accept the six year, eight month global plea offer by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

As discussed above, Petitioner fails to state anywhere in his federal Petition, or his petition to the California Supreme Court, that but for his counsel's purported error in not challenging the use of his 1999 conviction as a strike prior, he would have rejected the global plea deal and insisted on going to trial on all charged counts. Rather, in his underlying state court petitions, he asserts that his "sentence would have been less severe had counsel filed a meritorious motion to challenge the 1999 prior conviction prior to the coercion of the plea agreement" and merely requests a sentence reduction. (Lodgment 12 at 3-4; Lodgment 14 at 3-4, 10 ["have the lower court modify the illegal sentence"].) Repeatedly, Petitioner asks for a reduction of his sentence, not to reverse his plea and go to trial on all charges. Further, there is no indication in the record that Petitioner would have insisted on going to trial if he had known about the possibility of bringing a *Romero* motion to challenge his 1999 conviction. Petitioner's failure to make this showing precludes relief. *See Premo v. Moore*, 562 U.S. 115, 132 (2011) ("The added uncertainty

24

that results when there is no extended, formal record and no actual history to show how the charges have played out at trial works against the party alleging inadequate assistance. Counsel, too, faced that uncertainty. There is a most substantial burden on the claimant to show ineffective assistance.")

Finally, the six-year, eight month plea agreement counsel negotiated requiring Petitioner to plead guilty to three out of the thirteen counts he was charged with was far better than a potential sentence Petitioner could have received if he had lost at trial on all charged counts. Per the stipulated sentence report, video footage recorded one of Petitioner's thefts and he admitted to authorities, "I guess that is me." Further, a search of his home uncovered multiple firearms. (Lodgment 16 at 2-3.) Accordingly, it cannot be said that Petitioner was prejudiced by counsel's advice to accept the global plea offer and Petitioner's resultant inability to file a *Romero* motion challenging his 1999 prior conviction, because it cannot be said that a decision to reject that offer "would have been rational", especially in light of the limited success of *Romero* motions. *See Padilla*, 559 U.S. at 372; *Daire*, 818 F.3d at 466 (denial of *Romero* motion is the "expectation, not the exception").

Thus, Petitioner provides nothing in his Petition sufficient to establish he was prejudiced by the purported deficiencies of counsel. Instead, it appears that this is a case of buyer's remorse once Petitioner was faced with the realities of incarceration. Prior to his acceptance of the global plea offer, Petitioner weighed the costs and benefits of pleading guilty to three charged counts and admitting his prior conviction as a condition of his plea agreement in exchange for a stipulated sentence lower than what he could have received if he had gone to trial and been found guilty of all thirteen charged counts. Following a review of the record, he has not establish, and cannot establish, that counsel's purported action or inaction has prejudiced him in any way.

Accordingly the Court **RECOMMENDS** Petitioner's claim for habeas relief on his claim of ineffective assistance of counsel be **DENIED** as he has failed to satisfy *Strickland*'s standards to establish a claim of ineffective assistance of counsel.

## V.  CONCLUSION & RECOMMENDATION

For all the foregoing reasons, **IT IS HEREBY RECOMMENDED** the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying the Petition.

**IT IS ORDERED** that no later than **November 7, 2018**, any party to his action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties by **November 14, 2018**.

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

Dated:  October 17, 2018

Hon. Bernard G. Skomal
United States Magistrate Judge

16-cv-02129-WQH-BGS